**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **PHILADELPHIA INDEMNITY INSURANCE COMPANY,** | § | |
| | § | |
| ***Plaintiff*,** | § | |
| | § | **No. 3:25-CV-00555-LS** |
| **v.** | § | |
| | § | |
| **VANTAGE BANK TEXAS,** | § | |
| | § | |
| ***Defendant*.** | § | |

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S RULE 12(b)(6) MOTION TO DISMISS**

Plaintiff Philadelphia Indemnity Insurance Company sues Defendant Vantage Bank Texas for breach of fiduciary duty and breach of contract. The Court denies Defendant's Rule 12(b)(6) motion to dismiss for failure to state a claim.

## I. LEGAL STANDARD.

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which a court can grant relief. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] "A claim is facially plausible when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[2] A complaint must support legal conclusions with factual allegations.[3]

---

1 *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).
2 *Id.* (citing *Twombly*, 550 U.S. at 556).
3 *Id.* at 679.

The Court takes all factual allegations as true and construes them in the light most favorable to the plaintiff.[4] Still, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[5] "'[N]aked assertions' devoid of 'further factual enhancement'" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not entitled to the presumption of truth.[6] A Rule 12(b)(6) motion to dismiss "is viewed with disfavor and is rarely granted."[7]

## II. ANALYSIS.

Defendant moves to dismiss Plaintiff's claims for breach of contract and breach of fiduciary duty for failure to state a claim.

### *A. Factual Background Alleged in Complaint*

In August 2020, EPWCV, LLC, a construction company, received a construction loan from Defendant, and Defendant began disbursing the proceeds of the loan to EPWCV.[8] In March 2022, the City of El Paso hired EPWCV to make infrastructure and landscaping improvements to a new neighborhood conditioned on EPWCV obtaining a performance bond for the project from a surety.[9]

To induce Plaintiff to issue a bond to EPWCV and serve as EPWCV's surety, EPWCV and Defendant submitted a proposal to Plaintiff that Plaintiff accepted and all three parties signed. Under the terms of the resulting agreement (the "Set-Aside Agreement"), Plaintiff issued EPWCV a $3.5 million bond, reflecting EPWCV's estimate of the project's cost.[10] "In consideration of the

---

[4] *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).
[5] *Twombly*, 550 U.S. at 555.
[6] *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).
[7] *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)).
[8] ECF No. 1 at 6.
[9] *Id.* at 2.
[10] ECF No. 1-2 at 1-2.

bond . . . executed by [Plaintiff] to guarantee the completion of the" project "and as a direct inducement for [Plaintiff's] execution of the bonds," Defendant "agree[d] to allocate from the loan and set aside [$3.5 million, the amount of the bond] . . . for the completion of the [Phase I Scope], and for no other purpose."[11] That allocation was "an irrevocable commitment of funds, not subject to recall, or offset, by [Defendant]."[12] As long as EPWCV did not default in its obligations to the City, Defendant would disburse those set-aside funds to EPWCV to pay for project expenses as they arose, and the funds would be depleted until the project was completed or until no funds remained.[13] If EPWCV defaulted before the project was complete, the City of El Paso would demand that Plaintiff complete the project as surety. After notifying Defendant of said demand Plaintiff would be entitled to the remaining set-aside funds to complete the project.[14]

In March 2023, EPWCV paid off its loan from Defendant.[15] Between September 2022, when Plaintiff issued the bond, and March 2023, when EPWCV paid off its loan, Defendant disbursed approximately $2.73 million to EPWCV for the project, leaving approximately $800,000 of the $3.5 million that Defendant agreed to set aside.[16] Defendant assessed the project as eighty-seven percent complete.[17]

In February 2025, the City of El Paso declared EPWCV in default and demanded that Plaintiff, as EPWCV's surety, complete the project. After assessing the project, Plaintiff concluded that EPWCV had completed less than fifty percent of the project.[18] Plaintiff then notified Defendant of EPWCV's default and the City's demand, and requested "information about the

[11] ECF No. 1 at 3; ECF No. 1-2 at 1.
[12] ECF No. 1 at 3.
[13] *Id.*
[14] *Id.* at 4.
[15] *Id.* at 6.
[16] *Id.* at 6-7.
[17] *Id.* at 7.
[18] *Id.* at 5-6.

status of the Set-Aside Amount, including the current balance, an accounting of disbursements, and a copy of the construction loan agreement between [Defendant] and [EPWCV]."[19] Defendant responded that "there [were] no undisbursed funds" remaining because EPWCV had already paid off the underlying loan in full and that it could not provide a "detailed accounting" of disbursements because of the passage of time since the loans had been paid off.[20] To fulfill its obligations to the City, Plaintiff contracted with another construction company for $2 million to complete the project before bringing the current suit.[21]

***B. Breach of Contract.***

Plaintiff states a viable claim for breach of contract. A plaintiff alleging breach of contract must show "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach."[22] "[A]ll contracts must be interpreted in the light of their expressed purposes."[23]

Plaintiff has plausibly pled, and Defendant does not dispute, that the Set-Aside Agreement is a valid contract between Plaintiff, Defendant and EPWCV, and that Plaintiff performed under the agreement by issuing a surety bond to EPWCV.

Plaintiff's complaint alleges that Defendant was obligated under the Set-Aside Agreement to "allocate" and "set aside" $3.5 million from its loan to EPWCV "for the completion of" the project and "for no other purpose."[24] That was an "irrevocable commitment of funds" that

---

[19] *Id.* at 6.
[20] *Id.*
[21] *Id.* at 7.
[22] *Smith Int'l., Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex.App.-Houston [1st Dist.] 2001)).
[23] *Graham v. Tex. Gulf Sulphur Co.*, 457 F.2d 418, 425 (5th Cir. 1972).
[24] ECF No. 1 at 8.

Defendant could not "recall" or "offset."[25] The Agreement "remain[ed] in full force and effect" until all funds allocated for the project were disbursed, the project was completed, or Plaintiff was released from the bond.[26] Plaintiff alleges that Defendant breached the contract by "failing to retain" or "make available" any of the set-aside amount for Plaintiff to complete the project.[27]

Defendant argues that it did not breach any contractual duty in the Set-Aside Agreement because there were no longer any undisbursed funds after EPWCV paid off the construction loan in March 2023.[28] According to Defendant, Plaintiff could not "plausibly allege a breach of any duty to retain or make available funds that did not exist" and the "condition precedent [was] not met."[29] But EPWCV's repayment of the loan was not one of the enumerated conditions that the parties agreed would terminate the Set-Aside Agreement. Accordingly, Plaintiffs viably alleges that the agreement and Defendant's obligations under it remained in force notwithstanding EPWCV's repayment of the loan.

Because the contract restricted Defendant's use of the loan proceeds set aside, and because Defendant did not pay out *all* the funds set aside, Plaintiff has plausibly alleged that Defendant breached its duty under the Set-Aside Agreement.

### ***C. Breach of Fiduciary Duty.***

Plaintiff plausibly alleges a breach of fiduciary duty claim. In Texas, a plaintiff pleading a breach of fiduciary duty must show: (1) "a fiduciary relationship between the plaintiff and defendant;" (2) that "the defendant . . . breached his fiduciary duty to the plaintiff; and (3) that "the

---

[25] *Id.*
[26] ECF No. 7 at 1.
[27] ECF No. 1 at 8.
[28] ECF No. 6 at 4-5.
[29] ECF No. 8 at 4-6.

defendant's breach . . . result[ed] in injury to the plaintiff or benefit to the defendant."[30] "Where the underlying facts are undisputed, determination of the existence, and breach, of fiduciary duties are questions of law, exclusively within the province of the court."[31] Defendant disputes only that there was a fiduciary relationship.[32]

**1. Fiduciary Relationship**

Plaintiff plausibly alleges that the Set-Aside Agreement created a fiduciary relationship between Plaintiff and Defendant in the form of a special account, which is governed by principles of trusteeship.

A special account exists when "money or its equivalent is . . . deposited with an accompanying agreement that the identical thing deposited shall be returned, or that the same shall be paid out for a specific purpose."[33] When a bank holds funds in a special account, it binds itself to release them only according to the terms governing that account.[34] Funds in special accounts are necessarily set aside from a bank's unrestricted general deposits, because, unlike general deposits, the bank cannot mix and lend special account funds at its discretion. An existing account can be "transformed into a special account after its formation . . . by express agreement . . . via either the opening agreement of the account or subsequent communications."[35]

[30] *Navigant Consulting, Inc. v. Wilkinson,* 508 F.3d 277, 283 (5th Cir. 2007) (quoting *Jones v. Blume*, 196 S.W.3d 440, 447 (Tex.App.-Dallas 2006)).
[31] *Meyer v. Cathey*, 167 S.W.3d 327, 330 (Tex. 2005) (quoting *Nat'l Med. Enters. v. Godbey,* 924 S.W.2d 123, 147 (Tex.1996)).
[32] *See* ECF No. 6 at 7-8, ECF No. 8 at 3-4.
[33] *Hudnall v. Tyler Bank & Tr. Co.*, 458 S.W.2d 183, 186 (Tex. 1970) (quoting *McBride v. American Ry. & Lighting Co.*, 127 S.W. 229 (Tex. Civ. App. 1910)).
[34] *S. Cent. Livestock Dealers, Inc. v. Sec. State Bank of Hedley, Tex.*, 551 F.2d 1346, 1348–49 (5th Cir. 1977).
[35] *Civelli v. J.P. Morgan Sec., L.L.C.*, 57 F.4th 484, 490 (5th Cir. 2023).

Principles of trusteeship undergird special accounts.[36] "[T]he fund is a trust fund, the bank acquires no title thereto, and is a mere trustee for the safe-keeping, return, or disbursement of the fund, according to the special contract by which the deposit is made."[37] Thus, when a bank agrees to create a special account, the bank assumes trustee duties.[38] "Texas courts generally require explicit proof that the bank agreed to such a duty."[39]

The Set-Aside Agreement created a trustee relationship between Plaintiff and Defendant.[40] By signing the Set-Aside Agreement, Defendant agreed in writing that the set-aside funds would be "paid out for a specific purpose"[41]—"the completion of the Public Improvements."[42] The Set-Aside Agreement transformed the account holding EPWCV's undisbursed loan funds into a special account that imposed on Defendant fiduciary duties owed to Plaintiff, EPWCV's surety. As the party charged with managing the money in the special account, Defendant was a "trustee for the safe-keeping, return, or disbursement of the fund, according to the special contract by which the deposit [was] made."[43]

**2. Breach**

Plaintiff plausibly alleges that Defendant breached its fiduciary duties as a trustee by failing to disclose material facts to Plaintiff about the funds held in trust, failing to notify Plaintiff "before

---

[36] *S. Cent. Livestock Dealers, Inc.*, 551 F.2d at 1348-49; *Sec. State Bank v. Valley Wide Elec. Supply Co., Inc.*, 752 S.W.2d 661, 665 (Tex.App.-Corpus Christi 1988) ("When one person delivers money to another for a specific purpose, the person accepting the money becomes a trustee and the transaction becomes a trust.").
[37] *Hudnall*, 458 S.W.2d at 186 (quoting *McBride*, 127 S.W. 229).
[38] *Civelli*, 57 F.4th at 490 ("[A] special account . . . that can create a fiduciary duty from a bank to a non-client . . . is formed when 'a customer deposits funds for a specific purpose and the bank agrees to be responsible for the safe-keeping, return, or disbursement of the same funds that were entrusted to it.'").
[39] *Id.* (citing *Villarreal v. First Presidio Bank*, No. EP-15-CV-88, 2017 WL 1063563, at *7 (W.D. Tex. 2017)).
[40] For a fiduciary duty arising out of a formal relationship, like a trustee relationship, no preexisting relationship is required. *See Meyer v. Cathey*, 167 S.W.3d 327, 330-31 (Tex. 2005).
[41] *Hudnall*, 458 S.W.2d at 186 (quoting *McBride*, 127 S.W. 229).
[42] ECF No. 1-2 at 1.
[43] *Hudnall*, 458 S.W.2d at 186 (quoting *McBride*, 127 S.W. at 229).

closing the loans," and by failing to "retain" and "make available" any of the Set-Aside funds for Plaintiff.[44]

Trustees "owe beneficiaries 'a fiduciary duty of full disclosure of all material facts known to [the trustee] that might affect [the beneficiaries'] rights,'" "even if no litigious dispute exists between the trustee and beneficiaries."[45] Here, Plaintiff alleges that Defendant failed to notify Plaintiff that EPWCV paid off its loans, that Defendant closed EPWCV's loan account, and that Defendant determined "there [were] no undisbursed funds" remaining.[46] Defendant also failed to provide Plaintiff a "detailed accounting" of its disbursements to EPWCV.[47] This withheld information was material because it affected Plaintiff's rights as EPWCV's surety. Plaintiff plausibly believed any remaining set-aside funds could be used to defray the costs of completing the project as EPWCV's surety. It also plausibly relied on Defendant to accurately account for its disbursements to EPWCV to ensure they were made "in accordance with the terms of the construction loan agreement, and [Defendant's] customary disbursement procedures."[48]

Plaintiff also plausibly alleges that Defendant breached its fiduciary duty by failing to retain and make available to Plaintiff the remaining set-aside funds. Trustees have a duty to retain and make available funds they are holding for the beneficiary. A trustee who "retains the [beneficiary's] funds" for itself has breached its fiduciary duty because it has "obtain[ed] an improper benefit."[49] Defendant disbursed $2.73 million to EPWCV during the six-month period

---

[44] ECF No. 1 at 9-10.
[45] *Huie v. DeShazo*, 922 S.W.2d 920, 923 (Tex. 1996) (citing *Montgomery v. Kennedy*, 669 S.W.2d 309, 313 (Tex. 1984); *see also* TEX. PROP. CODE § 113.151(a) (requiring trustee to account to beneficiaries for all trust transactions).
[46] ECF No. 1 at 6, 9.
[47] *Id*. at 6.
[48] ECF No. 1-2 at 1.
[49] *See, e.g.*, *Riverwalk CY Hotel Partners, Ltd. v. Akin Gump Strauss Hauer & Feld, LLP*, 391 S.W.3d 229, 236 (Tex.App.– San Antonio 2012); *see also Burnett v. Sharp*, 328 S.W.3d 594, 601 (Tex.App.-Houston

between the issuance of the surety bond and EPWCV's loan repayment. As a result, approximately $800,000 of the set-aside funds remained. Under the Agreement, those funds were "irrevocabl[y] commit[ted]" to Plaintiff, "not subject to recall[] or offset by" Defendant.[50] Plaintiff viably alleges that Defendant failed to provide Plaintiff these remaining set-aside funds even though the funds had not been fully depleted, the project had not been completed, and the bond executed by Plaintiff had not been released.

**3. Damages**

Plaintiff viably alleges damages in the form of "the actual costs it has incurred and/or will incur completing the" project, "up to the Set-Aside Amount that" Defendant allegedly "should have retained . . . had it not breached its fiduciary duty to" Plaintiff.[51]

## III. CONCLUSION.

The Court **DENIES** Defendant's Rule 12(b)(6) motion to dismiss [ECF No. 6]. Defendant shall file its answer on or before **September 21, 2026**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on September 7, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[14th Dist.] 2010) ("[A] lawyer breaches his fiduciary duty if he refuses to give a client funds belonging to the client . . . .").

[50] ECF No. 1 at 9.

[51] *Id.* at 10.